In the Matter of the Estate of Sarah Baker, Deceased.
Edward Allen et al., Appellees, v. James M. Baker,
Administrator, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Morgan county; the Hon. Nor-
MAN L. JONES, Judge, presiding. Heard in this court at the April
term, 1916. Affirmed. Opinion filed October 13; 1916. *Certiorari*
denied by Supreme Court (making opinion final).

## Statement of the Case.

Appeal by James M. Baker, administrator of the
estate of Sarah Baker, deceased, from a judgment of
the Circuit Court, affirming an order of the County
Court, directing the appellant to recast and restate
his final report as administrator and to charge himself
with certain funds belonging to the estate.

Prior to the making of the order appealed from,
certain grandchildren and heirs of the deceased had
filed a petition for citation against the administrator,
asking that he be compelled by the court to inventory
a large amount of personal assets of the estate in his
possession and not accounted for. Upon a hearing up-
on this petition, the County Court entered an order
directing the appellant to inventory and charge him-
self with $2,566.34 funds belonging to the estate. From
this order the administrator prayed an appeal to the
Circuit Court but never perfected it. Later, the ad-
ministrator filed a supplementary inventory charging
himself with the sum of $2,566.34, with the notation,
"For which amount the said James M. Baker claims
he is not justly indebted to the estate." Later, at a
subsequent term of the County Court, the administra-
tor filed a final report and omitted therein to charge
himself with the sum of $2,566.34, to which report the
appellees objected, which objection was sustained and
the order appealed from was entered.

On the hearing of the appeal in the Circuit Court, the appellant filed a petition in which he requested that his final report be changed to a report current, that he be permitted to resign as administrator and that a new administrator be appointed so that he could have a trial by jury on the question whether he was indebted to the estate, which petition was denied.

WORTHINGTON, REEVE & GREEN, for appellant.

J. O. PRIEST and JOHN M. BUTLER, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 516*—*when parties are not entitled to jury trial.* The practice of compelling an executor or administrator by citation to inventory and account for assets in his possession belonging to the estate of which he is executor or administrator, by virtue of sections 81 and 82 of the Administration Act (J. & A. ¶¶ 130, 131), is a proper procedure, is equitable in its nature and the parties thereto are not entitled to a jury trial.

2. EXECUTORS AND ADMINISTRATORS, § 517*—*when appeal from an order of the County Court is properly denied.* Where an administrator on a petition for citation was ordered to inventory and charge himself with certain funds belonging to the estate, from which order he perfected no appeal but later filed a supplementary inventory charging himself with such funds with the notation that he was not justly indebted to the estate therefor, and subsequently filed his final report, omitting to charge himself with such funds, *held*, on appeal by him from a judgment of the Circuit Court affirming an order of the County Court directing him to recast and restate his final report and to charge himself with such funds, he having filed on the appeal to the Circuit Court a petition requesting that his final report be changed to a report current, that he be permitted to resign as administrator and that a new administrator be appointed so that he could have a trial by jury on the question whether he was indebted to the estate, that the order of the County Court, entered on the hearing of the petition for citation, being a final judgment ren-

dered in a proceeding in which the court had jurisdiction of the person and subject-matter and no appeal having been taken therefrom, the Circuit Court had no power to grant the relief prayed.

## David A. DeVares, Appellee, v. Frank A. Corea, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1916. Reversed. Opinion filed October 13, 1916.

### Statement of the Case.

Action of forcible entry and detainer by David A. DeVares, plaintiff, against Frank A. Corea, defendant, for the possession of land sold by the plaintiff to the defendant. From a judgment for plaintiff, defendant appeals.

On July 1, 1910, plaintiff agreed to sell to defendant and the latter agreed to buy Lot 5, Block 6, in B. S. Edwards' third addition to the City of Springfield, Illinois, for the sum of $2,100, payments to be made at the rate of $12 per month. Pursuant to said agreement, plaintiff caused his daughter to write in a book the following memorandum:

"ARTICLES OF AGREEMENTS.

"Entered into on the first day of July, 1910, between David A. DeVares of the County of Sangamon and State of Illinois, party of the first part, and Frank A. Corea of the City of Springfield, County of Sangamon and State of Illinois, party of the second part as follows:

"The said David A. DeVares, party of the first part, for the consideration hereinafter mentioned, does for